**Janet HEROLD, Appellant,**

v.

**BURLINGTON NORTHERN, INC., a foreign corporation, Appellee.**

**No. 87–5076.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1988.

Decided Feb. 2, 1988.

Rehearing and Rehearing En Banc Denied March 15, 1988.

John C. Hoyt, Great Falls, Mont., for appellant.

Leo F.J. Wilking, Fargo, N.D., for appellee.

Before LAY, Chief Judge, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

On November 21, 1974, Kenneth and Janet Herold were injured when a Burlington Northern train collided with their truck at a railroad crossing outside of Dickinson, North Dakota. Kenneth was severely injured and recovered a substantial jury verdict from Burlington Northern; Kenneth's judgment was affirmed on appeal. *See Herold v. Burlington Northern, Inc.,* 761 F.2d 1241 (8th Cir.), *cert. denied,* 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985).

Janet, who was also injured in the accident, recovered $250,000 for her injuries in addition to receiving a $2,000,000 award for loss of consortium. The district court [1] ordered Janet to accept a remittitur which would reduce the consortium award to $300,000 or to undergo a new trial on the issue of damages for her claim of loss of consortium. The court reasoned that the verdict for loss of consortium was contrary to the weight of the evidence, and found there was no basis on which a jury could have awarded the amount of the verdict in view of the applicable law and admissible evidence. Both parties appealed from the district court's decision in the first trial, and this court held that the order for a new trial or remittitur was interlocutory and not appealable. *Id.* at 1249–50. Janet refused to accept remittitur. A second trial was held on Janet's claim for loss of consortium resulting in a verdict for $500,000. Janet now appeals, claiming that the district court originally erred in granting Burlington Northern a new trial when she refused to accept the remittitur.[2] Janet claims that the original award of $2,000,000 should be reinstated.

In the first trial, the district court found that the "drama and the emotional impact of the childrens' [sic] conception, birth, care and development under circumstances of a spastic, non-communicating, occasionally violent spouse-father is a major factor in the size of the verdict for loss of consortium." *Herold v. Burlington Northern,* Civ. No. A1–80–120, slip op. at 6 (D.N.D. July 23, 1984). The trial court reasoned this was unfairly inflammatory evidence, and also believed that Janet's post-accident bearing of the two children was an intervening cause. *Id.* Accordingly, the court granted the remittitur. Before the second trial, the trial court reconsidered this reasoning and agreed that much of this evidence was admissible. Because the district court decided to permit evidence regarding problems

of raising and conceiving the children in the second trial, Janet now reasons the original verdict should be reinstated.

Although the trial court implicitly held that much of the evidence it found prejudicial in the first trial should be submitted to the jury in the second trial, the court's reasoning on the remittitur in the first trial focused on the fact that the overall verdict was against the weight of the evidence. The trial court had the opportunity to observe the proceedings and the evidence, and although a trial court should be constrained in overturning a jury verdict the law is clear that such decisions remain within the trial court's discretion. They will not be set aside without some showing of abuse of discretion. Although the trial court recognized that it was mistaken in originally finding that the evidence regarding the birth and care of the children was inadmissible, it nonetheless found that the verdict was still against the weight of the evidence and should not be reinstated. We find the trial court did not abuse its discretion in so ruling. *See Ouachita Nat'l Bank v. Tosco Corp.,* 716 F.2d 485, 488 (8th Cir.1983) (en banc) (while remittitur is appropriate only if the award is so grossly excessive as to shock the conscience of the court, such order will not be disturbed absent an abuse of discretion); *Slatton v. Martin K. Eby Constr. Co.,* 506 F.2d 505, 509 (8th Cir.1974) (the trial court's determination of a reasonable limit to a jury award must be given considerable deference and will not be overturned absent an abuse of discretion), *cert. denied,* 421 U.S. 931, 95 S.Ct. 1657, 44 L.Ed.2d 88 (1975). Furthermore, the trial court's decision to admit a truncated version of the same evidence in the second trial does not establish an abuse of discretion per se in granting the remittitur. Again, the trial court was there to observe the weight and impact of the overall evidence in the first trial, and we can find no reversible error in the trial court's

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

2. Although plaintiff alleges error in the second trial, at oral argument counsel waived any possible claim to another new trial based on such alleged error.

decision.[3]  Accordingly, we affirm.

---

**3.** We make our ruling based solely upon the trial court's proper exercise of discretion in granting the remittitur. We do not address any alleged evidentiary issues or errors in the sec-

ond trial. Counsel merely cites these allegations to emphasize the alleged unfairness of the second trial as a post hoc reason why the first verdict should be reinstated.